IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG LUBISCH, | No. C 13-05575 EJD (PR) |
| Plaintiff, | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| v. | |
| CYNTHIA MING-MEI LEE, et al., | |
| Defendants. | |

On December 29, 2013, Plaintiff, who appears to be a pretrial detainee in the County of San Francisco, filed a civil rights action under 42 U.S.C. § 1983, by filing a two page document consisting of three paragraphs. He claims that "[s]ince 2001... Defendants conspired to deprive plaintiff by [constitutional] violations" which resulted in physical injury, lost wages and income, physical and mental pain, and $50,000 in medical expenses. (Docket No. 1 at 1-2.) Plaintiff also claims that he was denied equal access to "justice" and that he has been falsely imprisoned. (Id. at 2.)

## DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

Plaintiff's complaint consists of a two page document containing three paragraphs. (Docket No. 1.) He claims that "[s]ince 2001... Defendants conspired to deprive plaintiff by [constitutional] violations" which resulted in physical injury, lost wages and income, physical and mental pain, and $50,000 in medical expenses. (Docket No. 1 at 1-2.) Plaintiff also claims that he was denied equal access to "justice" and that he has been falsely imprisoned. (Id. at 2.) Plaintiff seeks damages for his injuries.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553-56 (2007) (citations omitted). To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal,

United States District Court
For the Northern District of California

556 U.S. 662, 678 (2009) (finding under Twombly and Rule 8 of the Federal Rules of Civil Procedure, that complainant-detainee in a Bivens action failed to plead sufficient facts "plausibly showing" that top federal officials "purposely adopted a policy of classifying post-September-11 detainees as 'of high interest' because of their race, religion, or national origin" over more likely and non-discriminatory explanations).

From these decisions, the following "two principles" arise: "First to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011); see, e.g., AE v. County of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (applying Starr standard to pleading policy or custom for claims against local government entities); see also McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (a complaint must make clear "who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

Plaintiff's complaint fails to meet the minimum pleading requirements as it fails to give defendants fair notice of the claims against them and the grounds upon which they rest. Erickson, 551 U.S. at 93.  He lists generally that the action arises under several Constitutional amendments, but fails to provide the underlying facts to support is claim, e.g., what specific federal rights were violated, when the alleged violations occurred, and how each named defendant was responsible for the violations.  Plaintiff shall be granted leave to amend to attempt to cure these deficiencies.

In amending his complaint, Plaintiff is advised that liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the

defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633.

To the extent that Plaintiff is attempting to challenge the lawfulness of his confinement for a criminal prosecution when he claims that he was "falsely imprisoned," (Compl. at 2), his claim for damages may be barred. A claim for damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid is not cognizable under § 1983. Heck v. Humphrey, 512 U.S. 477, 487 (1994).[1] A plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Id. at 486-87. Accordingly, in filing an amended complaint seeking damages for an unlawful conviction, Plaintiff must identify the conviction which he is challenging and show that the challenged conviction and sentence have been invalidated.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

The complaint is DISMISSED with leave to amend. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint. The amended complaint must include the caption and civil case number used in this

---

[1] Heck applies equally to claims brought under §§ 1983, 1985 and 1986. McQuillion v. Schwarzenegger, 369 F.3d 1091, 1098, n. 4 (9th Cir. 2004).

Order of Dismissal with Leave to Amend
P:\PRO-SE\EJD\CR.13\05575Lubisch_dwlta.wpd         4

order and the words "AMENDED COMPLAINT" on the first page and write in the case number for this action, Case No. C 13-05575 EJD (PR).  If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.

**Failure to respond in accordance with this order by filing an amended complaint in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

DATED:  4/9/2014                         
                                          EDWARD J. DAVILA
                                          United States District Judge

Order of Dismissal with Leave to Amend
P:\PRO-SE\EJD\CR.13\05575Lubisch_dwlta.wpd            5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

GREG LUBISCH,

        Plaintiff,

  v.

CYNTHIA MING-MEI LEE, et al.,

        Defendants.

Case Number: CV13-05575 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 4/10/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Greg Lubisch J-12674079
Hall of Justice
850 Bryant Street, 7th Floor
San Francisco, CA 94103

Dated: 4/10/2014

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk